IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLIFTON CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV133 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN DOE and | ) | |
| CITY OF OMAHA, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendant City of Omaha's Motion to Dismiss (Filing No. 5). The City of Omaha seeks to dismiss the plaintiff's "Third Pendant Claim," arguing the claim fails to state a claim upon which relief can be granted and the court lacks jurisdiction over the claim. The City of Omaha filed a brief (Filing No. 6) in support of the motion. The plaintiff did not file a response.

## BACKGROUND

The plaintiff's claims arise from his arrest on December 21, 2003 by officers of the Omaha Police Department (OPD). **See** Filing No. 1 (Complaint). The plaintiff alleges he was "violently assaulted physically and sexually by officer John Doe." Specifically, the plaintiff alleges a claim against the unknown officer for excessive force and assault pursuant to 42 U.S.C. § 1983 and 1988 (Claim I). Similarly, the plaintiff alleges violations of 42 U.S.C. § 1983 and 1988 against the City of Omaha for "directly or indirectly under color of law, approv[ing] or ratif[ying] the unlawful, deliberate, malicious, reckless and wanton conduct of" the unknown officer (Claim II). Finally, the plaintiff alleges both defendants are liable because the unknown officer "assaulted and battered plaintiff" (Claim III). In the third claim, the plaintiff "invokes the pendant jurisdiction of this court to hear and determine this claim." Additionally, the plaintiff states he provided notice to the City of Omaha in compliance with the Nebraska Political Subdivision Torts Claim Act (Torts Claim Act).

## ANALYSIS

The City of Omaha argues the third claim for relief should be dismissed, as against the City, because the torts of assault and battery are specifically excluded from the Torts Claim Act. Thus, the City of Omaha has governmental immunity as to the third claim.

"Sovereign immunity has been said to stem from the concept that 'the King can do no wrong.' The traditional judicial translation of this concept proceeds on the basis that it is better that a citizen injured by the negligence of the governmental entity should alone suffer the loss rather than the 'sovereign' governmental unit." **Brown v. City of Omaha**, 160 N.W.2d 805, (Neb. 1968).

> Statutes that purport to waive protection of the State's [or its subdivisions] sovereign immunity are strictly construed in favor of the sovereign and against the waiver. A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.

**Salazar v. Scotts Bluff County**, 665 N.W.2d 659, 663 (Neb. 2003) (internal citations omitted); **Butler County Sch. Dist. No. 502 v. Meysenburg**, 683 N.W.2d 367, 373 (Neb. 2004) (applying to Neb. Rev. Stat. § 13-910).

"[N]o political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and . . . no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act." Neb. Rev. Stat. § 13-902. The Tort Claims Act, Neb. Rev. Stat. § 13-901 to § 13-926, provides a limited waiver of governmental immunity that allows a plaintiff to recover for injuries caused by certain torts committed by the negligence of a political subdivision's officers, agents, and employees. **See Larson by Larson v. Miller**, 76 F.3d 1446, 1456 (8th Cir. 1996). However, the Torts Claims Act does not apply to:

> <u>Any claim arising out of assault, battery</u>, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights;

Neb. Rev. Stat. § 13-910(7) (emphasis added).

Thus, a suit for assault and battery is explicitly barred by the Nebraska Political Subdivisions Tort Claims Act. **See *Westcott v. City of Omaha***, 901 F.2d 1486, (8th Cir. 1990) (holding that "although the complaint is grounded in negligence, we conclude that the alleged negligence was inextricably linked to a battery, and that this suit is thus barred by the Nebraska Political Subdivisions Tort Claims Act"). "[I]f a political subdivision proves that a plaintiff's claim comes within an exception pursuant to § 13-910, then the claim fails based on sovereign immunity, and the political subdivision is not liable." ***Harris v. Omaha Housing Auth.***, 698 N.W.2d 58, 65 (Neb. 2005). The City of Omaha has shown the plaintiff's claim for assault and battery is explicitly enumerated under the Tort Claims Act. Accordingly, the City of Omaha cannot be liable under the third claim for relief. Upon consideration,

**IT IS ORDERED:**

City of Omaha's Motion to Dismiss (Filing No. 5) is granted. The plaintiff's third claim for relief is dismissed, as against the City of Omaha.

DATED this 14th day of July, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge