FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
OCT 1 2 2005
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLIFTON CHAPMAN, | ) | CASE NO. 8:05CV133 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PROTECTIVE ORDER |
| | ) | |
| JOHN DOE and | ) | |
| THE CITY OF OMAHA, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

This matter came before the Court upon the parties' Stipulation for a Protective Order controlling the response by the Omaha, Nebraska, Police Department to a request for documents and information. Plaintiff's counsel seeks copies of Omaha Police Department records concerning an employee of the Omaha Police Department, including records from Internal Affairs Unit investigations or reviews involving an incident occurring on December 21, 2003 (hereinafter "the Internal Affairs Unit records" or "the confidential material").

This Court being advised in the premises, finds that the following Protective Order is appropriate.

IT IS ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.   Omaha Police Department shall provide Plaintiff's counsel with one copy of the Internal Affairs Unit records sought subject to the terms of this Order. Plaintiff shall pay the reasonable copy fees for such records.

2.   The Internal Affairs Unit records shall be placed in one or more envelopes marked "CONFIDENTIAL MATERIAL" and shall be maintained separate from, and not commingled with, any other document or items.

3.   Except as hereinafter provided or upon further order of the Court, no item in the confidential material nor any description or summary of its contents may be

1

revealed to any person or entity except: (i) counsel for parties in this action and those secretaries or paralegals employed by counsel on a regular basis who are assisting counsel in this action; (ii) the parties in the action (with respect to the Defendant, its controlling officers); (iii) employees of the Omaha Police Department testifying at trial or in deposition; (iv) any person retained by a party as an expert expected to testify at trial; and (v) the Court and jury.

4. Except as provided upon further order of the Court, the names or other identifying information for any person (other than Clifton Chapman) submitting a complaint to the Omaha Police Department Internal Affairs Unit or providing information to the Omaha Police Department Internal Affairs Unit during an investigation of a complaint shall not be publicly disclosed. All records or complaints shall be referred to in a manner that does not disclose the identity of any such person.

5. One copy of the confidential material may be made for counsel for the Defendant. All copies shall be made by employees of counsel for the parties without disclosing the material to any outside firm or person unless approved by counsel for the City of Omaha.

(a) Any person receiving a copy of the confidential material shall maintain the copy in the same manner as this Order requires of the initially provided material. All copies shall be considered to be included within the term "confidential material" as used in this Order and possession and use of any copy shall be subject to the terms of this Protective Order to the same extent as the originally provided material.

6. Each person receiving confidential material shall be subject to the terms of this Protective Order.

7. All confidential material shall be viewed and/or used only for purposes of preparing and presenting this case. Prior to any public disclosure of the material at a hearing or trial or in a motion to the court, counsel for the City of Omaha shall be notified of what material is intended to be disclosed and shall be provided an opportunity to object to the intended disclosure.

8. At the conclusion of this case all confidential material, including all copies, received pursuant to this Order shall be returned to counsel for the City of Omaha unless otherwise ordered by the Court.

9. This Protective Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the City of Omaha has waived confidentiality in writing.

10. The Court may impose sanctions with respect to any person or entity improperly granting access to material subject to this Protective Order. Any person or entity, whether or not a party, violating the Protective Order may be punished for contempt of Court.

DATED this 12th day of October, 2005.

BY THE COURT

_____
Federal Court Magistrate

Approved as to form and content:

_____
WENDY HAHN #16004
Deputy City Attorney
804 Omaha/Douglas Civic Center
1819 Farnam Street
Omaha, NE 68183
Telephone: (402) 444-5127
Attorney for the City of Omaha

_____
JEFFREY WAGNER #20180
Schirber & Wagner L.L.P.
1243 Golden Gate Drive
Papillion, NE 68046
Telephone: (402) 592-2800
Attorney for Plaintiff

3