## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CLIFTON CHAPMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV133 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **JASON MARTINEZ, MARCUS TAYLOR, DUSTIN MORRIS, LAWRENCE REYNARD and CITY OF OMAHA,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the defendants' Motion to Stay Proceedings (Filing No. 36). The defendants filed a brief (Filing No. 37) and exhibits attached to the motion. The defendants seek to stay all proceedings until the defendant Dustin Morris returns from active military duty pursuant to provisions of the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501, *et seq.*[1] The defendants expect Dustin Morris to return some time after January 2008. **See** Filing No. 36, Exhibit 1. The defendants have complied with the requirements of the Act as to Dustin Morris. **See** 50 App. U.S.C. § 522(b)(2).

The plaintiff filed a brief (Filing No. 39) opposing the motion as to the defendants other than Mr. Morris. Further, the plaintiff wishes to continue with discovery and expert witness disclosures. The defendants filed a reply brief (Filing No. 41) explaining the importance of Mr. Morris' participation due to his direct and supervisory involvement in the events underlying this lawsuit.

The deadline for completing discovery was June 30, 2006. **See** Filing No. 19. No extension of that deadline has been sought. Further, the deadline for the defendants to disclose expert witnesses is July 17, 2006. While the defendants assert their expert needs to talk to Mr. Morris about events not discussed in the earlier deposition, Mr. Morris will not be called to active duty until August 2006. **See** Filing No. 36, Exhibit 1. Additionally, all of

---

[1] At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

50 App. U.S.C. § 522(b)(1).

the defendants are represented by the same counsel. Under the circumstances here and the explicit requirements of the Act, the court finds the case should be stayed with regard to the defendant Dustin Morris only. **See, e.g.**, *Forcier v. U.S. E.P.A.*, No. 301CV1463M, 2002 WL 368525 (N.D. Tex. Mar. 5, 2002) (unpublished) ("Under the facts of this case, the Court finds 'sound sense' supports a finding that material prejudice will not result if pre-trial proceedings are allowed to continue as to the other Defendants to this action."); **see also** *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 647-49 & n.3 (D. Minn. 2002) (denying motion to stay). Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion to Stay Proceedings (Filing No. 36) is granted as to the defendant Dustin Morris.

2. The defendants' Motion to Stay Proceedings (Filing No. 36) is denied with regard to the defendants Jason Martinez, Marcus Taylor, Lawrence Reynard and the City of Omaha.

DATED this 6th day of July, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge